

Robert K. Beste, Jr.
Attorney At Law

COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

June 26, 2007

T: 302.425.5089 | F: 302.425.5097
rbeste@cohenseglias.com
www.cohenseglias.com

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

Walter M. Foster, Esquire
Sheehan Phinney Bass & Green, P.A.
One Boston Place
Boston, MA 02108

Re:    Peter D. Furness Electric Co., Inc. v. TCS International, Inc.
       C.A. No. 07-406 (U.S. District Court of Delaware)

Dear Mr. Foster:

Enclosed is a Notice required by the provisions of 10 Del.C. §3104, along with the Secretary of State's Return of Service and the Summons and Complaint filed in connection with the above-captioned case. Please be advised that service in connection with this matter was effectuated upon the Secretary of State on June 22, 2007. Pursuant to 10 Del.C. §3104, such service is as effectual to all intents and purposes as if it had been made upon your client TCS International, Inc. personally while you were within the State.

Very truly yours,

Robert K. Beste, Jr., Esquire

cc (w/encs):    Peter D. Furness Electric Co. (via first class mail)

RKB:cbc

5608-005/18

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

PETER D. FURNESS ELECTRIC CO., INC.

V.

TCS INTERNATIONAL, INC.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:    0 7 - 4 0 6

TO: (Name and address of Defendant)

**TCS International, Inc.**
**55 Union Avenue**
**Sudsbury, MA  01776**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**Robert K. Beste, Jr., Esquire**
**Cohen Seglias Pallas Greenhall & Furman, PC**
**Nemours Building, Stuie 1130**
**1007 North Orange Street**
**Wilmington, DE  19801**

an answer to the complaint which is served on you with this summons, within _____**20**_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                                         6/22/07

CLERK                                                          DATE

(By) DEPUTY CLERK

AO 440   (Rev. 8/01)   Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the summons & amended complaint was made by me[1] | 6/22/2007 @ 3:15 p.m. |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| **James F. Pietschmann** | **Special Process Server** |

*Check one box below to indicate appropriate method of service*

**[X]** Served personally upon the defendant by serving **Melanie Keeler, government employee, c/o Secretary of State, Duke of York Street @ Federal Lane, Dover, DE 1901**

**30, F, W, 5'5", 120 pounds, black hair, glasses**

[]    Left copies thereof at the defendant's house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were

[]    Returned unexecuted:

[]    Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   **6/25/2007**        *James F. Pietschmann*
          Date

                             **James F. Pietschmann**

                             **O'ROURKE INVESTIGATIVE ASSOCIATES, INC.**
                             **1225 King Street, Suite 400**
                             **P. O. Box 368**
                             **Wilmington, DE  19899-0368**

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

07-406

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a)  PLAINTIFFS**<br><br>Peter D. Furness Electric Co., Inc. | **DEFENDANTS**<br><br>TCS International, Inc. |
| **(b)**  County of Residence of First Listed Plaintiff  **New Castle, DE**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  **Middlesex, MA**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)**  Attorney's (Firm Name, Address, and Telephone Number)<br>Robert K. Beste, Esq., Cohen Seglias Pallas<br>Greenhall & Furman, PC, 1007 N. Orange Street,<br>Suite 1130, Wilmington, DE  19801 | Attorneys (If Known)<br>Walter M. Foster, Esq., Sheehan Phinney Bass<br>& Green, P.A., One Boxton Pl., 38th Floor,<br>Boston, MA  02108 |

| | |
|---|---|
| **II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff<br>(For Diversity Cases Only)  and One Box for Defendant) |

**II. BASIS OF JURISDICTION**

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN**  (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1332

Brief description of cause:  Breach of contract for dispute involving an amount in excess of $75,000.00, exclusive of interest and costs.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **$105,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  6/21/07

SIGNATURE OF ATTORNEY OF RECORD  _signature_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 JUN 21  PM 4: 06

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

PETER D. FURNESS ELECTRIC CO., INC.,     :

                     :

          Plaintiff,          :   C.A. No.     0 7 - 4 0 6

     v.                     :

                     :

TCS INTERNATIONAL, INC.,         :   JURY TRIAL DEMANDED

                     :

          Defendant.     :

## COMPLAINT

Plaintiff, Peter D. Furness Electric Co., Inc. ("Furness"), by and through its undersigned counsel, files this Complaint against Defendant, TCS International, Inc. ("TCS International"), and in support thereof states:

## THE PARTIES

1.    Plaintiff, Furness is a Delaware corporation with the principal place of business located at 1604 Todds Land, Wilmington, Delaware 19802.

2.    Defendant, TCS International, upon information and belief, is a Massachusetts corporation with a principal place of business located at 55 Union Avenue, Sudsbury, Massachusetts 01776. Service of process may be made upon TCS International by serving the Secretary of State of the State of Delaware, pursuant to 10 Del.C. § 3104.

## JURISDICTION AND VENUE

3.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.    The venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this cause of action occurred within this jurisdictional district.

5.    The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Therefore, venue is proper in this Court and the Court has jurisdiction over this matter.

## FACTUAL BACKGROUND

6.    In February 2006, Defendant, TCS International entered into an agreement with Christiana Care Health Systems ("Christiana Care") to serve as the general contractor on the Christiana Care Parking Guidance System Project (the "Project") located at the Christiana Hospital in Churchman's Crossing, Newark, Delaware.

7.    In or about March 2006, Furness entered into a contractual agreement (the "Agreement") with TCS International to which Furness was to perform a certain scope of TCS International's work on the Project. A copy of Furness's scope of work as of February 28, 2006 evidencing the Agreement is attached hereto as Exhibit "A".

8.    The original Agreement sum was $130,750.00 and was later increased to $135,000.00 by way of approved change orders. Attached hereto as Exhibit "B" is a copy of TCS International's purchase orders of April 24, 2006 and August 24, 2006 noting the Agreement amount.

9.    In or about October 2006, Furness completed its work on the Project in accordance with the Agreement. Prior to completing its scope of work, Furness provided TCS International with periodic invoices as it progressed with its work on the Project.

10.    TCS International failed to pay for the work performed as invoiced and as required by the Agreement.

11.    On or about June 22, 2006, Furness provided TCS International with an invoice in the amount of $106,250.00. A copy of the June 22, 2006 invoice is attached hereto as Exhibit "C".

12.    Furness provided a second invoice dated August 16, 2006 in the amount of $24,500.00. A copy of the August 16, 2006 invoice is attached hereto as Exhibit "D".

13.    On September 28, 2006, Furness submitted an invoice to TCS International in the amount of $4,250.00 for work provided in accordance with the purchase order dated August 24, 2006. A copy of the September 28, 2006 invoice is attached hereto as Exhibit "E".

14.    On or about November 2, 2006, TCS International made payment of $30,000.00. A copy of TCS International's check noting this payment is attached hereto as Exhibit "F". TCS International has not made any other payment although Furness has completed all work pursuant to the Agreement.

15.    TCS International remains obligated to pay Furness for the outstanding balance due and owing on the unpaid invoices pursuant to the Agreement, which is in excess of $105,000.00.

16.    Despite several demands, TCS International has failed and/or refused to remit payments to Furness for the work it performed on the Project and for the contract balance; and, as a result, Furness sustained damages in excess of $105,000.00.

17.    Christiana Care is withholding monies of at least $48,000.00 on its agreement with TCS International due to TCS International's failure to make payment to Furness in accordance with the Agreement. Upon information and belief, TCS International has received

3

all other monies pursuant to its agreement with Christiana Care for work performed on the Project, including the work performed by Furness.

## COUNT I

## BREACH OF CONTRACT

18. Furness incorporates and restates the allegations of Paragraphs 1 through 17 of its Complaint as though set forth at length herein.

19. Pursuant to the Agreement, TCS International agreed to timely pay for all amounts due and owing to Furness for the work and services performed on the Project.

20. Despite Furness fulfilling all of its obligations under the Agreement and performing additional work as requested in a timely and professional manner, TCS International has failed and/or refused to remit the contract balance due and owing to Furness in the sum of $105,000.00.

21. Furness has requested payments of this sum from TCS International and has satisfied any necessary conditions precedent to the filing of this Complaint.

22. TCS International has wrongly failed and refused to make payments due and owing to Furness in an amount in excess of $105, 000.00.

23. TCS International's failure to pay Furness the monies due and owing to it is a material breach of its contract with Furness.

24. As such, Furness has incurred or will incur additional costs in excess of $105,000.00 for work and services performed under the Agreement, but not paid for by TCS International.

25. As a direct and proximate result of TCS International's breach of the Agreement, Furness has been damaged in excess of $105,000.00.

4

WHEREFORE, Plaintiff, Peter D. Furness Electric Co., Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, TCS International, Inc., and award Furness in excess of $105,000.00, plus interest, costs of suit and any further relief which this Court deems just and proper.

## COUNT II

### UNJUST ENRICHMENT

26.    Furness incorporates and restates the allegations of Paragraphs 1 through 25 of its Complaint as though set forth at length herein.

27.    Furness provided material and performed services on the Project for the benefit of TCS International fully expecting compensation for such services and materials.

28.    TCS International accepted the materials and services provided by Furness and has enjoyed the benefit and use of the materials and services provided by Furness.

29.    TCS International's retention of the benefit of the use of the materials and services provided by Furness without compensating Furness for such materials and services would be unjust.

30.    The amount invoiced by Furness pursuant to the Agreement and requested in approved change orders is fair and reasonable.

31.    The reasonable value of services and materials provided to TCS International for which Furness has not received payment is $105,000.00.

WHEREFORE, Plaintiff, Peter D. Furness Electric Co., Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, TCS International, Inc., and award Furness in excess of $105,000.00, plus interest, costs of suit and any further relief which this Court deems just and proper.

## COUNT III

### QUANTUM MERUIT

32.    Furness incorporates and restates the allegations of Paragraphs 1 through 31 of its Complaint as though set forth at length herein.

33.    Furness is entitled to the *quantum meruit* value of the materials and services provided to TCS International on the Project.

34.    The *quantum meruit* value of the materials and services provided to TCS International by Furness for which Furness remained unpaid is $105,000.00.

WHEREFORE, Plaintiff, Peter D. Furness Electric Co., Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, TCS International, Inc., and award Furness in excess of $105,000.00, plus interest, costs of suit and any further relief which this Court deems just and proper.

### COUNT IV

### BREACH OF THE DELAWARE PROMPT PAY ACT
### 6 DEL.C. §3501, *et seq.*

35.    Furness incorporates and restates the allegations of Paragraphs 1 through 34 of its Complaint as though set forth at length herein.

36.    TCS International failed to pay Furness amounts due for services performed and materials supplied to the Project.

37.    TCS International has received moneys or funds from Christiania Care in connection with its contract for the erection, construction, completion, alternation or repair of the building or addition in connection with the Project.

38.    All monies and funds received by TCS International are impressed with trust pursuant to by 6 Del.C. §3502.

39.    TCS International has not first applied such funds to the payment of the full amount of monies owed to Furness, as such, to pay out, use or appropriation of such monies or funds by TCS International was and is prohibited by 6 <u>Del.C.</u> §3503.

40.    Furness has submitted invoices throughout the course of the Project and submitted a final invoice when the work was fully completed.  TCS International has not disputed the amounts invoiced by Furness and has failed to make payment.

41.    TCS International's withholding of payment due and owing to Furness has not been made in good faith or with reasonable cause.

42.    TCS International is liable to Furness for penalties pursuant to 6 <u>Del.C.</u> §3505 and interest and attorneys' fees pursuant to 6 <u>Del.C.</u> §3506 and §3509.

WHEREFORE, Plaintiff, Peter D. Furness Electric Co., Inc., respectfully requests that This Honorable Court enter judgment in its favor and against Defendant, TCS International, Inc., and award Furness in excess of $105,000.00, plus penalties pursuant to 6 <u>Del.C.</u> §3505, pre- and post-judgment interest pursuant to 6 <u>Del.C.</u> §3506, counsel fees pursuant to 6 <u>Del.C.</u> §§3506, 3509, costs of suit and any further relief which this Court deems just and proper.

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

Robert K. Beste, Jr., Esquire, Bar I.D. No. 154
1007 North Orange Street, Suite 1103
Nemours Building
Wilmington, DE 19801
(302) 425-5089
*Attorneys for Plaintiff*
*Peter D. Furness Electric Co., Inc.*

DATED:    June 21, 2007
05608-005/5

7

# EXHIBIT "A"



55 Union Ave
Sudbury, MA 01776
Ph. 978-443-2527
Fax 978-579-9545
www.tcsintl.com

## REVISED RFP – ELECTRICAL
## Christiana Hospital – Newark, DE
## Parking Guidance System

We are installing a Parking Guidance System (PGS) at Christiana Hospital in Newark, DE. The PGS System will be installed in their parking lots.

### SCOPE OF WORK:

A. Provide and install communications conduit to all Detector Locations. Wire for loop leads to be 16 conductor (Omni L31604 or equivalent).

B. Saw cut and install all in-ground vehicle detection loops (include wire & loop sealant) Total number of loops is twenty-eight (28). Final connections & home-runs to booth by TCS.

C. Provide stub-out conduits for detectors. Detectors, including installation by TCS.

D. Include the installation of Quasite boxes where you see necessary.

E. Pull all communications cable from roof to 911, including power to the transmitter. Cable to be provide by TCS.

F. Provide Professional Engineer's Stamp on drawings.

G. Notes:
- All electrical work shall conform to all applicable local and national electrical codes, and the electrical standards for the Christian Care campus.
- TCS to provide all equipment, and communications & low voltage wiring (including intercom)
- TCS to provide on-site project management and support
- Include all as-built drawings, insurance, etc.
- Provide all permits as required

For questions or additional information, please contact:

Eric B. Parrettie
Account Manager x26
2/28/06





# EXHIBIT "B"

*Attn: Lisa Barker*
*From: Darlene Farzych*

TCS International, Inc.

# Purchase Order

55 Union Avenue
Sudbury, MA 01776
978-443-2527, Fax 978-579-9545

*ext 24*

| DATE | P.O. NO. |
|------|----------|
| 4/24/2006 | 2104 |

| Vendor | SHIP TO |
|--------|---------|
| Furness Electric<br>PO Box 1186<br>Wilmington, DE 19899 | Christiana Hospital<br>4755 Ogletown Raod<br>Newark, DE 19718 |

| | Ordered By | DUE DATE |
|--|------------|----------|
| | Eric Parrettie | 4/24/2006 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| PG/LCS Hardware | Hardware purchased for Parking Guidance and Level Counting System Projects | 1 | 130,750.00 | 130,750.00 |
| Parking Guidance/... | Provide and Install Communications conduit to all Detector Locations. Wire for loop leads to be 16 conductor (Omni L31604 or Equivalent). Conduit must be cored through asphalt. Trenching through dirt/soil OK.<br>Provide and Install power to all six (6) PGS signs. Signs require 115V, 15A service. All 6 signs can be on the same circuit. Conduit must be cored through asphalt. Trenching through dirt/soil OK.<br>Saw cut and install all in-ground vehicle detection loops (include wire & loop sealant). Total number of loops is twenty-eight (28). Final connections & Home-runs to booth by TCS.<br>Provide stub-out conduits for detectors. Detectors, including installation by TCS.<br>Include the installation of Quasite boxes where you see necessary.<br>Pull all communications cable from roof to 911, including power to the transmitter. Cable to be provided by TCS.<br>Provide Professional Engineer's Stamp on drawings. | | | 0.00 |

| All Payments to be made only after TCS has received payment from owner. | **Total** | |
|--|--|--|

TCS International, Inc.

55 Union Avenue
Sudbury, MA 01776
978-443-2527, Fax 978-579-9545

# Purchase Order

| DATE | P.O. NO. |
|------|----------|
| 4/24/2006 | 2104 |

| Vendor |
|--------|
| Furness Electric
PO Box 1186
Wilmington, DE 19899 |

| SHIP TO |
|---------|
| Christiana Hospital
4755 Ogletown Raod
Newark, DE 19718 |

| Ordered By | DUE DATE |
|------------|----------|
| Eric Parrettie | 4/24/2006 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
|  | Notes:<br>    - All electrical work shall conform to all applicable local and national electrical codes, and        the electrical standards for the Christian Care Campus.<br>    - TCS to provide all equipment, and communication & low voltage wiring (including intercom).<br>    - TCS to provide on-site project management and support.<br>    - Include all as-built drawings, insurance, etc.<br>    - Provide all permits as required. |  |  |  |

| All Payments to be made only after TCS has received payment from owner. | **Total** | $130,750.00 |
|---|---|---|

Page 2

TCS International, Inc.

55 Union Avenue
Sudbury, MA 01776
978-443-2527, Fax 978-579-9545

# Purchase Order

| DATE | P.O. NO. |
|------|----------|
| 8/24/2006 | 2251 |

| Vendor |
|--------|
| Furness Electric<br>PO Box 1186<br>Wilmington, DE 19899 |

| SHIP TO |
|---------|
| Christiana Hospital |

| | Ordered By | DUE DATE |
|--|------------|----------|
| | Bob Driscoll | 8/24/2006 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| PG/LCS Sub Labor | Receive Pallets of materials and store near out trailer area.<br>Remove all of the materials and categorize<br>Assemble signs and transport to all the different locations<br>Increase size of opening on bottom of Sign<br>Install signs and connect wiring<br>Dispose of all leftover debris<br><br>Questions Please contact Bob Driscoll | 1 | 4,250.00 | 4,250.00 |

| Thank you for your Services! | | **Total** | **$4,250.00** |
|------------------------------|--|-----------|----------------|

# EXHIBIT "C"



**PETER D. FURNESS ELECTRIC CO., INC.**
TELEPHONE: (302) 764-6030
FAX: (302) 764-5168

**REMIT TO:**

**POST OFFICE BOX 1186**
**WILMINGTON, DELAWARE 19899-1186**

DATE:    June 22, 2006

TO:    TCS International

55 Union Way

Sudbury, MA  01776

ACCT. NO.  *20101* ✓

FURNESS JOB #  1489

FURNESS INVOICE #  C31357

CUSTOMER ORDER NO./PURCHASE ORDER NO.    Eric B Parrettie

JOB LOCATION:    Christiana Hospital, Parking Guidance System, Newark, DE

TERMS: NET 30 DAYS.  FINANCE CHARGES APPLIED TO ALL PAST DUE INVOICES.

| ITEM # | ELECTRICAL SERVICES (LABOR / MATERIAL) AS FOLLOWS: | $ AMT |
|---|---|---|
| | Electrical Work Per attached breakdown | |
| | Per FURNESS Proposal    Electrical Work 80% Complete | 106,250.00 |
| | | |
| | Invoice Total = | 106,250.00 |

RECEIVED
DATE 11-6-06
CHECK # 5545

*30,000.00*

*Bal. due*
*76,250.00*

# CONTINUATION SHEET

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing
Contractor's signed certification is attached.

In tabulations below, amounts are stated to the nearest dollar.
Use Column I on Contracts where variable retainage for line items may apply.

*AIA DOCUMENT G703*

APPLICATION NO: 01
APPLICATION DATE: 06-22-06
PERIOD TO: 06-30-06

PAGE 2 OF 2 PAGES

| A ITEM NO. | D DESCRIPTION OF WORK | C SCHEDULED VALUE | D WORK COMPLETED FROM PREVIOUS APPLICATION (D + E) | E WORK COMPLETED THIS PERIOD | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G ÷ C) | H BALANCE TO FINISH (C - G) | I RETAINAGE (IF VARIABLE RATE) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ENGINEERING STAMP | $1,750.00 | $0.00 | $1,750.00 | $0.00 | $1,750.00 | 100.00% | | |
| 2 | EXCAVATION/BORING | $75,000.00 | $0.00 | $75,000.00 | $0.00 | $75,000.00 | 100.00% | | |
| 3 | UNDERGROUND CONDUIT | $25,000.00 | $0.00 | $25,000.00 | $0.00 | $25,000.00 | 100.00% | | |
| 4 | POWER WIRING TO SIGNS | $9,000.00 | $0.00 | $4,500.00 | $0.00 | $4,500.00 | 50.00% | $4,500.00 | |
| 5 | SAW CUT DETECTORS | $10,000.00 | $0.00 | $0.00 | $0.00 | | 0.00% | $10,000.00 | |
| 6 | WORK WITHIN HOSPITAL | $10,000.00 | $0.00 | $0.00 | $0.00 | | 0.00% | $10,000.00 | |
| | GRAND TOTALS | $130,750.00 | $0.00 | $106,250.00 | $0.00 | $106,250.00 | $3.50 | $24,500.00 | |

Users may obtain validation of this document by requesting of the license a completed AIA Document D401 - Certification of Document's Authenticity

AIA DOCUMENT G703 · CONTINUATION SHEET FOR G702 · 1992 EDITION · AIA · ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W. WASHINGTON, D.C. 20006-5232

G703-1992

# EXHIBIT "D"



**PETER D. FURNESS ELECTRIC CO., INC.**
TELEPHONE: (302) 764-6030
FAX: (302) 764-5168

REMIT TO:

POST OFFICE BOX 1186
WILMINGTON, DELAWARE 19899-1186

| DATE: | August 16, 2006 |
| TO: | TCS International |
| | 55 Union Way |
| | Sudbury, MA  01776 |

ACCT. NO.   20101

FURNESS JOB #   1489

FURNESS INVOICE # C31378

CUSTOMER ORDER NO./PURCHASE ORDER NO.      **Eric B Parrettie**

JOB LOCATION:      Christiana Hospital, Parking Guidance System, Newark, DE

**TERMS: NET 30 DAYS.  FINANCE CHARGES APPLIED TO ALL PAST DUE INVOICES.**

| ITEM # | ELECTRICAL SERVICES (LABOR / MATERIAL) AS FOLLOWS: | | $ AMT |
|---|---|---|---|
| | **Electrical Work Per attached breakdown** | | |
| | **Per FURNESS Proposal** | **Electrical Work 100% Complete** | 130,750.00 |
| | | **Previous Invoice:** | 106,250.00 |
| | | **Invoice Total =** | 24,500.00 |

# CONTINUATION SHEET

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing
Contractor's signed certification is attached.
In tabulations below, amounts are stated to the nearest dollar.
Use Column I on Contracts where variable retainage for line items may apply.

*AIA DOCUMENT G703*

APPLICATION NO: 02
APPLICATION DATE: 08-15-06
PERIOD TO: 08-30-06

PAGE 2 OF 2 PAGES

| A ITEM NO. | B DESCRIPTION OF WORK | C SCHEDULED VALUE | D WORK COMPLETED FROM PREVIOUS APPLICATION (D + E) | E WORK COMPLETED THIS PERIOD | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G ÷ C) | H BALANCE TO FINISH (C - G) | I RETAINAGE (IF VARIABLE RATE) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ENGINEERING STAMP | $1,750.00 | $1,750.00 | $0.00 | $0.00 | $1,750.00 | 100.00% | | |
| 2 | EXCAVATION/BORING | $75,000.00 | $75,000.00 | $0.00 | $0.00 | $75,000.00 | 100.00% | | |
| 3 | UNDERGROUND CONDUIT | $25,000.00 | $25,000.00 | $0.00 | $0.00 | $25,000.00 | 100.00% | | |
| 4 | POWER WIRING TO SIGNS | $9,000.00 | $4,500.00 | $4,500.00 | $0.00 | $9,000.00 | 100.00% | | |
| 5 | SAW CUT DETECTORS | $10,000.00 | $0.00 | $10,000.00 | $0.00 | $10,000.00 | 100.00% | | |
| 6 | WORK WITHIN HOSPITAL | $10,000.00 | $0.00 | $10,000.00 | $0.00 | $10,000.00 | 100.00% | | |
| | GRAND TOTALS | $130,750.00 | $106,250.00 | $24,500.00 | $0.00 | $130,750.00 | 100% | $0.00 | |

AIA DOCUMENT G703 - CONTINUATION SHEET FOR G702 - 1992 EDITION - AIA - ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C. 20006-5232

Users may obtain validation of this document by requesting of the license a completed AIA Document D401 - Certification of Document's Authenticity

G703-1992

# EXHIBIT "E"



**PETER D. FURNESS ELECTRIC CO., INC.**
**TELEPHONE: (302) 764-6030**
**FAX: (302) 764-5168**

**REMIT TO:**

**POST OFFICE BOX 1186**
**WILMINGTON, DELAWARE 19899-1186**

| | |
|---|---|
| **DATE:** | September 28, 2006 |
| **TO:** | TCS International |
| | 55 Union Way |
| | Sudbury, MA 01776 |

**ACCT. NO.**    20101

**FURNESS JOB #   1489**

**FURNESS INVOICE #  C31412**

**CUSTOMER ORDER NO./PURCHASE ORDER NO.**    **PO# 2251**

**JOB LOCATION:**    **Christiana Hospital, Parking Guidance System, Newark, DE**

**TERMS: NET 30 DAYS.  FINANCE CHARGES APPLIED TO ALL PAST DUE INVOICES.**

| ITEM # | ELECTRICAL SERVICES (LABOR / MATERIAL) AS FOLLOWS: | $ AMT |
|---|---|---|
| | **Electrical Work Parking Guidance System Change Request #1, Signs** | |
| | **Per FURNESS Proposal #1521**        **Electrical Work 100% Complete** | **4,250.00** |
| | Invoice Total = | **4,250.00** |

# EXHIBIT "F"





AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of **DELAWARE**

| | |
|---|---|
| Plaintiff<br>V. | NOTICE, CONSENT, AND ORDER OF REFERENCE —<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE |
| Defendant | Case Number:   0 7 - 4 0 6 |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| | |
|---|---|
| _____ | _____ |
| Date | United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.