IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER D. FURNESS ELECTRIC CO., INC. </br></br>Plaintiff, </br></br>v. </br></br>TCS INTERNATIONAL, INC., </br></br>Defendant. | Civil Action No. 07-406 SLR |

### ANSWER OF DEFENDANT TCS INTERNATIONAL, INC.

The Defendant, TCS International, Inc., ("TCS"), by and through its undersigned counsel, hereby answers the Plaintiff's, Peter D. Furness Electric Co., Inc. ("Furness"), Complaint, by corresponding numbered paragraphs as follows:

### THE PARTIES

1. TCS is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1.

2. TCS admits that its principal place of business is located at 55 Union Avenue, Sudbury, Massachusetts 01776. TCS denies the remaining allegations stated in Paragraph 2.

### JURISDICTION AND VENUE

3. Paragraph 3 states a conclusion of law to which no response is required. Further answering, TCS denies the allegations contained in Paragraph 3.

4. Paragraph 4 states a conclusion of law to which no response is required. Further answering, TCS denies the allegations contained in Paragraph 4.

5. Paragraph 5 states a conclusion of law to which no response is required. Further answering, TCS denies the allegations contained in Paragraph 5.

## FACTUAL BACKGROUND

6.  TCS admits the allegations contained in Paragraph 6.

7.  TCS admits that it entered into a written agreement with Furness. Further answering, the remaining allegations contained in Paragraph 7 are conclusions of law to which no response is required, and/or characterize a document attached to the Complaint as Exhibit A, to which no further characterization or response is required.

8.  TCS admits that it entered into a written agreement with Furness, which was subsequently amended. Further answering, the remaining allegations contained in Paragraph 8 are conclusions of law to which no response is required, and/or characterize a document attached to the Complaint as Exhibit B, to which no further characterization or response is required.

9.  TCS admits the allegations contained in Paragraph 9, except that Furness completed its work on the project subject to change orders for additional cabling work, and that Furness has not provided TCS with the "as built" drawings required by the agreement.

10.  TCS admits that it has not fully paid Furness the amount stated in the amended agreement. Further answering, the remaining allegations contained in Paragraph 10 state conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

11.  TCS admits that it received the document referenced by Furness in Paragraph 11 of the Complaint. Further answering, the remaining allegations contained in Paragraph 11 state conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

12.  TCS admits that it received the document referenced by Furness in Paragraph 12 of the Complaint. Further answering, the remaining allegations contained in Paragraph 12 state

conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

      13.    TCS admits that it received the document referenced by Furness in Paragraph 13 of the Complaint. Further answering, the remaining allegations contained in Paragraph 13 state conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

      14.    TCS admits the allegations contained in the first sentence of Paragraph 14 of the Complaint. The remaining allegations contained in Paragraph 14 state conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

      15.    The allegations contained in Paragraph 15 state conclusions of law to which no response is required.

      16.    TCS admits that is has been unable to complete payment to Furness. Further answering, the remaining allegations contained in Paragraph 16 state conclusions of law to which no response is required.

      17.    TCS admits that Christiana Care is withholding monies due and owing to TCS. TCS denies the remaining allegations contained in the first sentence of Paragraph 17. Further answering, TCS admits that it has received partial payment from Christiana Care.

## COUNT I

## BREACH OF CONTRACT

      18.    TCS repeats and realleges its responses to Paragraphs 1 through 17, as if fully stated herein.

19. Paragraph 19 states conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

20. Paragraph 20 states conclusions of law to which no response is required, and/or characterize documents, to which no further characterization or response is required.

21. TCS admits that Furness has requested payment from TCS. Further answering, TCS states that the remaining allegations contained in Paragraph 21 state conclusions of law to which no response is required.

22. TCS denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states conclusions of law to which no response is required.

24. Paragraph 24 of the Complaint states conclusions of law to which no response is required. Further answering, TCS is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Paragraph 25 of the Complaint states conclusions of law to which no response is required. Further answering, TCS is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25.

## COUNT II

### UNJUST ENRICHMENT

26. TCS repeats and realleges its responses to Paragraphs 1 through 25, as if fully stated herein.

27. Paragraph 27 states conclusions of law to which no response is required.

28. Paragraph 28 states conclusions of law to which no response is required.

29. Paragraph 29 states conclusions of law to which no response is required.

30. Paragraph 30 states conclusions of law to which no response is required.

31. Paragraph 31 states conclusions of law to which no response is required.

## COUNT III

## QUANTUM MERUIT

32. TCS repeats and realleges its responses to Paragraphs 1 through 31, as if fully stated herein.

33. Paragraph 33 states conclusions of law to which no response is required.

34. Paragraph 34 states conclusions of law to which no response is required.

## COUNT IV

### BREACH OF THE DELAWARE PROMPT PAY ACT
### 6 DEL.C. §3501, *et seq.*

35. TCS repeats and realleges its responses to Paragraphs 1 through 34, as if fully stated herein.

36. Paragraph 36 states conclusions of law to which no response is required.

37. Paragraph 37 states conclusions of law to which no response is required.

38. Paragraph 38 states conclusions of law to which no response is required.

39. Paragraph 39 states conclusions of law to which no response is required.

40. TCS admits that Furness has submitted invoices for work performed. Further answering, the remaining allegations stated in Paragraph 40 state conclusions of law to which no response is required.

41. Paragraph 41 states conclusions of law to which no response is required. TCS denies the remaining allegations contained in Paragraph 41.

42. Paragraph 41 states conclusions of law to which no response is required. TCS denies the remaining allegations contained in Paragraph 42.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

TCS is duly registered as a domestic corporation in the State of Delaware. This Court therefore lacks diversity jurisdiction over this action as both the plaintiff and the defendant are citizens of the State of Delaware. 28 U.S.C. §§1332 (a)(1) and 1332 (c)(1), Fed. R. Civ. P. 12(b)(1).

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over this action as the plaintiff has made no claim containing a federal question. 28 U.S.C. §1331. All of the claims stated by the plaintiff are state law claims sounding in contract or arising out of a Delaware statute. 28 U.S.C. §1367(b), Fed. R. Civ. P. 12(b)(1) and 12(b)(3).

### Third Affirmative Defense

The action should be dismissed for insufficient service of process. Fed. R. Civ. P. 4(h)(1) and 12(b)(5).

### Fourth Affirmative Defense

The plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### Fifth Affirmative Defense

The plaintiff's claims are barred by the doctrine of waiver.

WHEREFORE, Defendant TCS International, Inc. respectfully requests that this Court dismiss Plaintiff's claims with prejudice and award such other relief as the Court deems appropriate.

BUCHANAN INGERSOLL & ROONEY, P.C.

*[signature]*

William E. Manning, Esquire (#697)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
william.manning@bipc.com
jennifer.becnelguzzo@bipc.com

Of Counsel:
Walter M. Foster, Esquire (BBO #552917)
SHEEHAN PHINNEY BASS + GREEN, P.A.
One Boston Place, 38th Floor
Boston, MA 02108
(617) 897-5646

*Attorneys for Defendant TCS International, Inc.*

August 1, 2007